IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Sylecia McIntyre, ) | Case No. 7:25-cv-07189-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| Westwood Townhomes, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court for consideration of Plaintiff's amended complaint and motions for injunctive relief. ECF Nos. 5, 18, 19. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On August 6, 2025, the Magistrate Judge issued a Report recommending that this action be summarily dismissed and that the motions for injunctive relief be found as moot. ECF No. 24. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed a supplemental declaration and objections.[1] ECF Nos. 28, 29.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] The Court will refer to these documents collectively as "objections."

determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which are incorporated herein by reference.  Because Plaintiff filed objections, the Court's review has been de novo.  The Magistrate Judge recommends summary dismissal because this Court lacks jurisdiction, abstention is appropriate, and Plaintiff's claims are rooted in sovereign citizen theory.  He further recommends finding the motions for injunctive relief as moot or, in the alternative, denying them upon review of the merits.  Upon review of the record, the Report, and the applicable law, the Court agrees that this action is subject to summary dismissal and that Plaintiff's motions for injunctive relief are moot.

As stated above, the Magistrate Judge recommends summary dismissal because this Court lacks jurisdiction over Plaintiff's claims.  As explained in more detail by the

Magistrate Judge, there is no diversity jurisdiction.[2]  Accordingly, Plaintiff may only proceed under federal question jurisdiction.  As explained in more detail by the Magistrate Judge, Plaintiff identifies the following federal statutes: the Truth in Lending Act, the Federal Reserve Act, and the Uniform Commercial Code.  Upon de novo review, and in consideration of Plaintiff's objections, the Court agrees that Plaintiff's attempts to manufacture federal question jurisdiction are unavailing.

Plaintiff's main argument in her objections is that the Magistrate Judge failed to consider her claim brought pursuant to 42 U.S.C. § 1981 for discrimination.  However, a review of the amended complaint contains no reference to 42 U.S.C. § 1981 and the only passing refence to discrimination is on page 42 of her amended complaint and various filings in which she states:

> 13. Preservation of Rights
> The principal does not waive any rights, titles, or claims under federal or state law. This includes rights related to housing, credit, non-discrimination, and equal access to utility billing arrangements.

ECF No. 18 at 42.  The Court notes that this document appears to be a letter to Defendant.  *See id*. at 40.  While Plaintiff is entitled to, and has received, liberal construction, this is insufficient to raise a claim pursuant to 42 U.S.C. § 1981.  *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) ("However, liberal construction does not require [the court] to attempt to discern the unexpressed intent of the plaintiff, but only to determine the actual meaning of the words used in the complaint.") (internal quotation marks and citation

---

[2] In her objections, Plaintiff alleges that the amount in controversy exceeds $75,000 but does not appear to object to the Magistrate Judge's analysis with respect to citizenship of the parties.

omitted).  Plaintiff has not requested to further amend her pleadings and has already availed herself of one opportunity to do so; thus, the Court declines to automatically give leave to further amend.  Accordingly, any objection that the Magistrate Judge failed to consider this claim is overruled.[3]

Therefore, the Court finds that this Court lacks jurisdiction over Plaintiff's claims and summary dismissal is appropriate.  With respect to the Magistrate Judge's remaining recommendations, the Court makes the following notations.  As to the Magistrate Judge's recommendation that this action should be dismissed as frivolous because it is grounded in sovereign citizen theory, the Court agrees.  As to the recommendation for abstention under *Younger v. Harris,* 401 U.S. 37 (1971), the state court proceedings have a disposition date of August 1, 2025; however, there is also a notice of appeal dated August 4, 2025, which appears to be pending.  *See* https://publicindex.sccourts.org/Spartanburg/PublicIndex/PISearch.aspx (enter case number 2025CV4210301403) (last visited Dec. 9, 2025); https://sccourts.org/c-track-public-access/ (participant search for Sylecia McIntrye) (last visited Dec. 9, 2025).  Accordingly, the reasons stated by the Magistrate Judge, abstention is appropriate.  Finally, Plaintiff's motions for injunctive relief are moot.[4]

---

[3] As noted by the Magistrate Judge, only the allegations in the amended complaint are properly before the Court; however, the undersigned notes that the only additional statement regarding discrimination in the original complaint is on page 4 which Plaintiff requests $3,232 for "Discriminatory and Dismissive Conduct."  ECF No. 1 at 4.

[4] Even if the Court were to consider the merits of Plaintiff's motions, they would still fail.  A plaintiff seeking a TRO must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real*

## CONCLUSION

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. This action is summarily dismissed without prejudice, without issuance and service of process, and without leave to further amend. Plaintiff's motions for injunctive relief [5, 19] are found as moot.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

December 12, 2025
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

*Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reinstated in relevant part on remand by 607 F.3d 355 (4th Cir. 2010). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably armed absent injunctive relief. *Winter*, 555 U.S. at 20–23; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. See Real Truth, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 24). Here, as explained above, and in more detail by the Magistrate Judge, Plaintiff has not established that she is likely to succeed on the mertis.